IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES E. MURPHY, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 1:10-CV-1757 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| DARYL F. BLOOM, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## <u>MEMORANDUM</u>

May 26, 2011

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

Plaintiff James E. Murphy ("Plaintiff" or "Murphy"), a federal inmate presently confined at the Federal Correctional Institution Cumberland ("FCI Cumberland") in Cumberland, Maryland, initiated the above action *pro se* by filing a *Bivens*[1]-styled Complaint under the provisions of 28 U.S.C. § 1331. (Doc. 1.) Before service of the Complaint was directed, on September 30, 2010, Murphy filed an Amended Complaint. (Doc. 15.) Named as Defendants are Assistant United States Attorney

---

[1]*Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* actions are the federal counterpart to § 1983 claims brought against state officials. *Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004) (citing *Brown v. Philip Morris Inc.,* 250 F.3d 789, 800 (3d Cir. 2001)). "[C]ourts have generally relied upon the principles developed in the case law applying section 1983 to establish the outer perimeters of a *Bivens* claim against federal officials." *Schrob v. Catterson*, 948 F.2d 1402, 1409 (3d Cir. 1991).

("AUSA") Daryl F. Bloom; United States Court Reporter Wendy Yinger; and

Murphy's defense attorneys, Dennis E. Boyle, Esquire and Gerald A. Lord, Esquire.

Presently before the Court are Motions to Dismiss the Amended Complaint

filed pursuant to Federal Rule of Civil Procedure 12(b)(6) on behalf of Defendants

Bloom and Yinger (Doc. 27); Defendant Lord (Doc. 33); and Defendant Boyle (Doc.

44). Also pending is Plaintiff's "Motion to Amend and Supplement the Pleadings".

(Doc. 59.) For the reasons set forth below, the Motions to Dismiss will be granted,

and Plaintiff's Motion requesting the opportunity to amend and/or supplement his

Amended Complaint will be denied as futile.

## I.    BACKGROUND

### A.    Factual Background

On December 10, 2008, Murphy was indicted in the United States District

Court for the Middle District of Pennsylvania on two counts: conspiracy to distribute

cocaine base and conspiracy to distribute, or conspiracy to possess with intent to

distribute, heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), 846. (*See USA

v. Murphy*, Criminal No. 1:08-CR-00433-WWC-1, Doc. 1.) AUSA Bloom was the

prosecutor.

On July 14, 2009, a jury found Murphy guilty of the charges. (*Id.*, Doc. 63.)

2

Dennis E. Boyle, Esquire entered an appearance on Murphy's behalf on February 24, 2009 (*id.*, Doc. 24) and was Murphy's counsel at the time of trial.  In a motion filed on September 4, 2009, Murphy sought new counsel to represent him, and Gerald A. Lord, Esquire was appointed to defend him.  (*Id.*, Docs. 68, 69.)  Thereafter, on December 8, 2009 and March 22, 2010, before Murphy was sentenced, the official transcripts of his criminal trial were filed by United States Court Reporter Wendy Yinger.  (*Id.*, Docs. 75, 77, 87, 88.)

On March 19, 2010, Murphy filed a motion seeking to have Attorney Lord removed as his counsel.  (*Id.*, Doc. 86.)  On April 14, 2010, Attorney Lord also moved to withdraw as counsel.  (*Id.*, Doc. 93.)  Following a hearing on May 6, 2010, the trial judge denied Lord's motion to withdraw.  (*Id.*, Docs. 98, 101.)  The May 14, 2010 Order denying the motion noted that, at hearing, Lord stated that he had a fundamental disagreement with Murphy because Murphy wanted him to pursue claims that AUSA Bloom and Ms. Yinger committed fraud in connection with the accuracy of the trial transcript.[2]  (*Id.*, Doc. 101.)

On May 24, 2010, before he was sentenced, Murphy filed a petition for writ of

---

[2]On May 12, 2010, Murphy filed *pro se* a motion in which he sought, *inter alia*, to have the trial record reconstructed based on his allegation that the trial transcript had been altered, and in which he alleged that AUSA Bloom had elicited perjured grand jury and trial testimony.  (*USA v. Murphy*, Criminal No. 1:08-CR-00433-WWC-1, Doc. 100.)

habeas corpus under the provisions of 28 U.S.C. § 2241, which was assigned to this Member of the Court.  (*Murphy v. Wetzel*, Civil No. 1:10-CV-1107, Doc. 1.)  By Memorandum and Order dated May 27, 2010, we dismissed the petition for lack of jurisdiction, and in our Memorandum, we noted that Murphy could raise his issues through direct appeal, and after his judgment of conviction became final, through a motion filed under the provisions of 28 U.S.C. § 2255.  (*Id.*, Docs. 5, 6.)  Murphy appealed our Memorandum and Order to the United States Court of Appeals for the Third Circuit, and in an Opinion and Order dated October 12, 2010, and entered on December 9, 2010, the dismissal for lack of jurisdiction was affirmed.  (*Id.*, Docs. 9, 9-1.)

On June 22, 2010, Murphy was sentenced in his criminal case to 360 months imprisonment, five (5) years supervised release, and to pay various assessments and fines.  (*See USA v. Murphy*, Criminal No. 1:08-CR-00433-WWC-1, Doc. 120.) Murphy filed a direct appeal from his conviction and sentence, which, as of the date of this Memorandum, remains at the briefing stage as Murphy's brief is due on June 30, 2011.  (*See USA v. Murphy*, Third Circuit Court of Appeals Docket No. 10-2896.[3])

**B.    Procedural Background**

---

[3]*See* United States Court of Appeals for the Third Circuit General Docket, available at http://www.pacer.gov.

Murphy filed the instant action on August 20, 2010.  Before service of the Complaint was directed, on September 30, 2010, Murphy filed an Amended Complaint.  (Doc. 15.)  By Order dated October 13, 2010, service of the Amended Complaint was directed.  (Doc. 18.)  On December 7, 2010, a Motion to Dismiss the Amended Complaint was filed on behalf of Defendants Bloom and Yinger.  (Doc. 27.)  A supporting brief simultaneously was filed.  (Doc. 28.)

On December 17, 2010, a Motion to Dismiss the Amended Complaint was filed on behalf of Defendant Lord.  (Doc. 33.)  A supporting brief was filed on December 20, 2010.  (Doc. 35.)  On the same date, Plaintiff filed a Motion seeking an extension of time to file his opposition to the Motions to Dismiss.  (Doc. 36.)  By Order dated December 21, 2010, his request was granted, and he was directed to file his opposition on or before January 20, 2011 (Doc.  42).  On January 10, 2011, Murphy filed a brief containing his opposition both to the Motion filed on behalf of Bloom and Yinger and the Motion filed on behalf of Lord.  (Doc. 52.)

On December 28, 2010, a Motion to Dismiss the Amended Complaint was filed on behalf of Defendant Boyle.  (Doc. 44.)  A supporting brief was filed on January 11, 2011.  (Doc. 53.)  By Order dated February 10, 2011, we directed Plaintiff to file his opposition to Boyle's Motion on or before February 24, 2011.  (Doc. 63.)  On March

8, 2011, Plaintiff filed his opposition brief.  (Doc. 65.)  Accordingly, the Motions to Dismiss are fully briefed and ripe for disposition.

In addition, on January 27, 2011, Murphy filed a "Motion to Amend and Supplement the Pleadings" (Doc. 59) along with a supporting brief (Doc. 60).  On February 9, 2011, a brief in opposition to Murphy's Motion was filed on behalf of Defendants Bloom and Yinger.  (Doc. 62.)  Thus, Plaintiff's Motion also is fully briefed and ripe for disposition.

### C.    Allegations of the Amended Complaint

In his Amended Complaint, Murphy alleges as follows:

On December 10, 2008, Murphy was indicted for charges under 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846.  (Doc. 15 9.)  On July 14, 2009, a jury sitting in the United States District Court for the Middle District of Pennsylvania found him guilty of both charges.  (*Id.*)  AUSA Daryl Bloom prosecuted his case; Wendy Yinger was the court reporter at trial; Dennis E. Boyle, Esquire, who was privately retained, represented Murphy at trial; and Gerald A. Lord, who was a court-appointed attorney, represented Murphy at the sentencing phase.  (*Id.* ¶¶ 4-7, 20-21.)  On June 22, 2010, Murphy was sentenced to a 384 month term of imprisonment.[4]  (*Id.* ¶ 10.)

_____

[4]Although Murphy alleges that he was sentenced to a 384 month term of imprisonment, the

(continued...)

Murphy alleges that Defendants conspired to alter his trial transcript and to include a false declaration in his sentencing memorandum.  (*Id.* ¶ 21.)  The alleged alterations and omissions in the trial transcript are as follows: statements that were actually made by Attorney Bloom were incorrectly transcribed as having been made by Attorney Boyle; testimony from witness Laura Shope consisting of her answer to Attorney Bloom's question, "Did you use this phone to sell drugs?" was not transcribed; Shope's testimony answering Boyle's question in the affirmative as to whether she knows who Nakia Thompson is was not transcribed; Attorney Boyle's referral during cross-examination of Bridget Bark to "the person wearing the blue *suit*" was incorrectly transcribed as "the person wearing the blue *shirt*"; and Bark's answer to Attorney Boyle's question asking how she remembers his client was not transcribed.  (*Id.* at 5-6.)

Murphy also alleges that Attorney Boyle rendered "a service of representation that was deficient, and fell below professional norms throughout his representation of Plaintiff" by failing to discover perjury in transcripts, failing to object to inadmissible evidence, failing to subpoena Murphy's co-defendants at his trial, failing to challenge

---

[4](...continued)

Judgment in a Criminal Case entered by the sentencing judge on June 23, 2010 reflects that he was sentenced to a 360 month term of imprisonment.  (*See USA v. Murphy*, Criminal No. 1:08-CR-00433-WWC-1, Doc. 120 at 3.)

the indictment, waiving Murphy's right to confrontation, and failing to investigate defense witnesses. (*Id.* ¶¶ 11, 23.)

Murphy alleges that Attorney Lord also rendered "deficient representation that fell below the professional norms demanded, or mandated by the American Bar Association" by failing to adequately test the prosecution's case, failing to get signed declarations from the other defendants about inaccuracies in the transcript, failing to notify the court or court reporter of these inaccuracies, making a misrepresentation to Murphy about requesting an interlocutory appeal from the denial of a bail motion, and failing to move to set aside the verdict or dismiss the indictment. (*Id.* ¶¶ 15, 24.) He also alleges that Lord included a "false declaration" from Attorney Boyle in Murphy's Sentencing Memorandum. (*Id.* ¶¶ 18-20.)

## II.     MOTIONS TO DISMISS

### A.     Standard of Review

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a). Rule 8(a)(2) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley*

*v. Gibson,* 355 U.S. 41, 47 (1957)).  While a complaint attacked by a Rule 12(b)(6)

motion to dismiss need not contain detailed factual allegations, it must contain

"sufficient factual matter, accepted as true, to 'state claim to relief that is plausible on

its face.'"  *Ashcroft v. Iqbal,* --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868

(2009).  To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a

right to relief above the speculative level . . . .'"  *Victaulic Co. v. Tieman,* 499 F.3d

227, 234 (3d Cir. 2007) (quoting *Twombly,* 550 U.S. at 555).  Accordingly, to satisfy

the plausibility standard, the complaint must indicate that defendant's liability is more

than "a sheer possibility."  *Iqbal,* 129 S.Ct. at 1949.  "Where a complaint pleads facts

that are 'merely consistent with' a defendant's liability, it 'stops short of the line

between possibility and plausibility of entitlement to relief.'"  *Id.* (quoting *Twombly,*

550 U.S. at 557).

Under the two-pronged approach articulated in *Twombly* and later

formalized in *Iqbal,* a district court must first identify all factual allegations that

constitute nothing more than "legal conclusions" or "naked assertions."  *Twombly,*

550 U.S. at 555, 557.  Such allegations are "not entitled to the assumption of truth"

and must be disregarded for purposes of resolving a 12(b)(6) motion to dismiss.

*Iqbal,* 129 S.Ct. at 1950.  Next, the district court must identify "the 'nub' of the ...

complaint-the well-pleaded, nonconclusory factual allegation[s]." *Id.* Taking these allegations as true, the district judge must then determine whether the complaint states a plausible claim for relief. *See id* .

However, "a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips,* 515 F.3d at 231 (citing *Twombly,* 127 S.Ct. 1964-65, 1969 n. 8). Rule 8 "does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234.

**B.    Discussion**

Murphy alleges that Defendants violated his constitutional rights in the course of his criminal proceedings, and also that Defendants Boyle and Lord committed legal malpractice, and he requests declaratory and injunctive relief, as well as compensatory, punitive, and replevin damages. (*See* Doc. 15.) In the pending Motions to Dismiss filed on behalf of Defendants (Docs. 27, 33, 44), they argue that Murphy's claims are barred by the "favorable termination rule" that was acknowledged by the United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994).

10

In *Heck*, the Court held that a civil rights plaintiff may not recover damages in an action claiming a violation of his constitutional rights "if success in that action would necessarily demonstrate the invalidity of the confinement or its duration," *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005), unless the plaintiff proves the sentence of confinement "has been reversed on direct order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. The United States Court of Appeals for the Third Circuit has recognized that the Supreme Court created the "favorable termination rule" to prevent parallel litigation over the issues of probable cause and guilt, and that the Court "sought to prevent the possibility of two conflicting resolutions arising out of the same successful prosecution, and preclude a convicted criminal defendant from collaterally attacking his conviction through the vehicle of a civil suit." *Perez v. Georgelis*, 351 Fed. Appx. 788, 790 (3d Cir. 2009) (citing *Heck*, 512 U.S. at 484).

In the case at hand, Murphy seeks declaratory and injunctive relief and money damages based on his claims that Defendants violated his constitutional rights during his criminal proceedings. Murphy argues that a favorable determination in this case would not imply the invalidity of his conviction and sentence because his claims

11

regarding the alteration of the trial transcripts, and placement of a false declaration in the sentencing memorandum were not bases to convict him or to support his sentence. (*See* Doc. 52 at 5.)  He instead asserts that these claims refer to separate civil rights violations.  (*See id.*)  However, success on these claims necessarily would imply that Murphy's conviction and sentence are invalid.  In particular, where Murphy alleges that Defendants conspired to alter his trial transcript, as the United States Court of Appeals for the Third Circuit recognized in *Tedford v. Hepting*, 990 F.2d 745, 747 (3d Cir. 1993), a criminal defendant does not have a constitutional right to a totally accurate transcript of his criminal trial, and therefore, his constitutional rights only would be violated if inaccuracies in the transcript adversely affected the outcome of his criminal proceeding.  990 F.2d at 747.  The *Tedford* Court further pointed out that a jury returns a verdict based upon the evidence they see and hear before a transcript of the trial even is available, and therefore, a constitutional violation only could occur if inaccuracies in the transcript adversely affect appellate review.  *Id.*

Thus, in this case, Murphy's argument fails.  Where he is alleging that the actions of the prosecutor, court reporter, and his two defense attorneys during his criminal proceedings violated his constitutional rights, if he were to succeed on that claim and obtain the damages he seeks, it necessarily would imply that his conviction

12

and sentence are invalid.  Moreover, where any violation of his constitutional rights with respect to the alleged inaccuracies in the trial transcript could only occur at the level of appellate review, and Murphy's direct appeal has not yet concluded, any claim of a violation of a constitutional right in that regard is premature.

In short, where Murphy's direct appeal from his judgment of sentence remains pending, he cannot make the necessary showing to proceed with this civil rights action that his conviction has been reversed, invalidated, or called into question by the issuance of a federal writ of habeas corpus.  *Heck*, 512 U.S. at 486-87. Accordingly, we shall grant the pending Motions to Dismiss on the basis that Murphy's claims against all Defendants are barred by the "favorable termination rule" set forth in *Heck*.[5]

Moreover, as argued by Defendant Boyle (*see* Doc. 53 at 20-25), Murphy has failed to state a claim of legal malpractice against Defendants Boyle and Lord where he did not follow the proper procedure for filing a Certificate of Merit as to Attorney

---

[5]In dismissing Murphy's claims against all Defendants as barred by *Heck*, we acknowledge that, as argued in the brief submitted on behalf of Defendant Boyle (Doc. 53 at 17), even if the claims against Boyle and Lord were not barred by *Heck*, Murphy cannot maintain a *Bivens* claim against these Defendants because such a claim for damages may lie only against a federal agent acting under color of federal authority, and Boyle and Lord are not federal agents, but instead are private criminal defense attorneys.  *See Bivens*, 403 U.S. at 395-96; *see also Brown, supra* n.1, 250 F.3d at 800.

Boyle (*see* Doc. 11), and failed to file a Certificate of Merit as to Attorney Lord, and

where his direct appeal from his judgment of sentence remains pending, and thus he

cannot plead that "but for" his attorneys' conduct, he would have obtained an acquittal

or a complete dismissal of the charges, *see Bailey v. Tucker*, 621 A.2d 108, 115 (Pa.

1993), or that his conviction has been reversed, *see id.*

## III.    PLAINTIFF'S MOTION TO AMEND/SUPPLEMENT

On January 27, 2011, Murphy filed a "Motion to Amend and Supplement the

Pleadings" (Doc. 59) in which he seeks to amend and supplement his Amended

Complaint to include additional "substantial material alterations, and omissions made

to the trial transcript." (Doc. 60, Pl.'s Br., at 3.)

Federal Rule of Civil Procedure 15(a)(2) states that "[t]he courts should freely

give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). In the

absence of any apparent or declared reason- such as undue delay, bad faith or dilatory

motive on the part of the movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party by virtue of allowance of

the amendment, futility of amendment, etc.- the leave sought should, as the rules

require, be freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962). An amendment

would be futile when the complaint, as amended, would fail to state a claim upon

14

which relief could be granted.  *In re NAHC, Inc. Securities Litig.,* 306 F.3d 1314, 1332 (3d Cir. 2002).

In the instant case, where we have determined that Murphy's claims are barred by the "favorable termination rule" set forth in *Heck*, no amendment to his claims would allow him to state a claim upon which relief may be granted, and therefore, we shall deny as futile Murphy's Motion requesting the opportunity to amend and supplement the pleadings to include additional allegations of alterations to his criminal trial transcripts.

## IV.   CONCLUSION

For the foregoing reasons, the Motions to Dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) on behalf of Defendants Bloom and Yinger (Doc. 27), Defendant Lord (Doc. 33), and Defendant Boyle (Doc. 44) will be granted, and Plaintiff's "Motion to Amend and Supplement the Pleadings" (Doc. 59) will be denied.  An appropriate Order shall enter on today's date.